United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO HERNANDEZ,<br><br>        Petitioner,<br><br>  v.<br><br>JEANNE WOODFORD,<br><br>        Respondent. | No. C 05-02093 MJJ<br><br>**ORDER GRANTING MOTION TO STAY AND HOLD IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS** |

      Petitioner Pedro Hernandez ("Petitioner") is currently serving a term of forty-years-to-life in California State Prison at Sacramento, based on a state-court conviction for second-degree murder, attempted murder, and a gun-use allegation under section 12022.53(d) under the California State Penal Code. Petitioner currently has a Writ of Habeas Corpus pending in Monterey Superior Court in Monterey, California. However, Petitioner has also filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has requested that his federal petition for writ of habeas corpus be held in abeyance pending the exhaustion of his state court remedies.

      28 U.S.C. § 2254(b)(1)(A) requires that "[a]n application for writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," and it imposes a one-year statute of limitations on the filing of federal petitions, under § 2244. However, a petitioner seeking state post-conviction relief might avoid being procedurally time barred "by filing a 'protective' petition in federal court and asking the federal court

to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1813 (2005); *see also Rhines v. Weber*, 125 S.Ct. 1528, 1531 (2005). A district court may stay a habeas petition "which it may validly consider on the merits." *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997). Once a stay is granted, a district court may require the petitioner to file his unexhausted claims in state court within thirty days, and to return to federal court within thirty days of a final decision by the state courts on those claims. *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003).

Based on *Pace*, and for good cause shown, the Court **GRANTS** Petitioner's Motion to Stay the petition. It is hearby ordered that:

1. The stay may remain in effect until thirty (30) days following final action by the state courts to allow Petitioner an opportunity to present a fully exhausted petition for habeas review to the Court.[1]

2. If Petitioner fails to act within the allotted time, the stay may be vacated *nunc pro tunc* as of the date of issuance of this order.

**IT IS SO ORDERED.**

Dated: July_14_, 2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[1] There is no thirty (30) day requirement for pursuing state court remedies because Petitioner has already commenced habeas proceedings in Monterey Superior Court.

2