UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO HERNANDEZ, | No. C 05-02093 MHP |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| JEANNE WOODFORD, | |
| Respondent. | |

In 2003, petitioner Pedro Hernandez ("Hernandez") was convicted and sentenced in Monterey County, California for second degree murder and attempted murder. He is now incarcerated at the California State Prison in Sacramento County, California. Hernandez has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254. His petition is now before the court for preliminary review pursuant to 28 U.S.C. section 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Venue is proper in this district because petitioner was sentenced and convicted here in the Northern District of California. See 28 U.S.C. § 2241(d); Habeas Local Rule 2254-3(a)(1).

LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled

1  thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that
2  the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule
3  4, Rules Governing Section 2254 Cases. Summary dismissal is appropriate only where the
4  allegations in the petition are vague or conclusory, palpably incredible, patently frivolous or false.
5  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990), cert. denied sub nom. Hendricks v.
6  Calderon, 517 U.S. 1111 (1996).

DISCUSSION

Petitioner Hernandez was convicted and sentenced for the murder of Maricella Navarette and attempted murder of Juan Castro during an alleged gang-related altercation in August 2002. At trial, petitioner's accomplice testified that following an exchange of rival gang hand symbols, petitioner opened fire on the automobile in which Castro was the driver and Navarette a passenger, after Castro reached as if to procure a gun and opened the driver-side door. Despite the existence of relevant available evidence, trial counsel failed to argue a self defense or an imperfect self defense on petitioner's behalf.

Hernandez now argues that trial counsel's omission of relevant evidence denied him the Sixth and Fourteenth Amendment right to the effective assistance of counsel under the principle established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 685 (1984). For a cognizable Strickland claim, petitioner must demonstrate that: (1) "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense." Id. at 687. Accordingly, petitioner argues that trial counsel breached the standard of care by failing to develop and present relevant and available evidence to help establish the reasonableness of petitioner's conduct. Such evidence included the pattern of local gang conduct and expert testimony regarding the extent to which prior exposure to gang-related violence may have influenced petitioner's behavior. Petitioner argues that trial counsel's errors prejudiced his defense under Strickland and caused him to be convicted on insufficient evidence in violation of the Fourteenth Amendment.

CONCLUSION

(1) This court finds that petitioner Hernandez's petition cannot be summarily dismissed because the allegations in his petition are not vague, conclusory, palpably incredible, patently frivolous or false. Pursuant to 28 U.S.C. section 2243 this court finds that petitioner's claim requires an answer from the respondent. The court ORDERS respondent to SHOW CAUSE why the writ should not be granted.

(2) The clerk of this court shall, by certified mail: (a) serve a copy of this Order and a copy of petitioner's petition upon the Attorney General of the State of California; and (b) serve a copy of this Order upon petitioner and petitioner's attorneys.

(3) Pursuant to Habeas Local Rule 2254–6(b), respondent shall file an answer with this court within **sixty (60) days** of the date of this order. This answer shall show cause why a writ of habeas corpus should not issue and shall conform in all respects to Rule 5 of the Rules Governing Section 2254 Cases and Habeas Local Rule 2254–6(b).

(4) Pursuant to Habeas Local Rule 2254–6(c), petitioner shall serve and file a traverse within **thirty (30) days** after respondent has filed the answer.

(5) This matter shall be deemed submitted as of the date petitioner's traverse is due. No hearing will be held unless the court so orders at a later date.

IT IS SO ORDERED.

Dated: 6/17/2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California