United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PEDRO HERNANDEZ,

Petitioner,

v.

JEANNE WOODFORD, Director of the California Department of Corrections,

Respondent.
_______________________________________/

No. C 05-02093 MHP

**MEMORANDUM & ORDER**

**Re: Petition for Writ of Habeas Corpus**

Pedro Hernandez, a prisoner currently in custody of the California Department of Corrections and Rehabilitation, filed this petition for a writ of habeas corpus on May 20, 2005, seeking relief pursuant to 28 U.S.C. § 2254 on the basis of insufficient evidence to support his conviction and ineffective assistance of counsel. Hernandez's petition is now before the court for consideration on the merits. Having considered the parties arguments, the court now enters the following memorandum and order.

BACKGROUND

On March 27, 2003, Hernandez was convicted after a bench trial on charges of second degree murder and attempted murder under California Penal Code §§ 187, 664. These convictions were enhanced by findings that the crimes were committed for the benefit of a gang and that Hernandez personally used a firearm. Docket No. 21 (Exhibits re Answer to Order to Show Cause) ("Ans."), Exh. 4 (State Court Reporter's Transcript) at 1253. On May 15, 2003, Hernandez was sentenced to 50 years to life . *Id.* at 1509.

At trial, Hernandez raised the affirmative defenses of self-defense and, in the alternative, imperfect self-defense. Hernandez argued that he had a sincere, if not reasonable, belief that the victim was about to attack based on factual allegations including, but not limited to, (1) that the victim, a member of the Sureno gang, and Hernandez, a member of the Norteno gang, exchanged their rivaling gang's verbal and hand signals, (2) that the victim had made a motion as if reaching for something under the car seat, and (3) that the victim had opened the car door. *Id.* at 1254. The judge, acting as the trier of fact, did not make any findings as to the first point, the exchange of hand signals, but found that the evidence supported neither the second nor third alleged fact in the narrative. *Id.* at 1254-55. The judge found that the driver of the car attempted to flee after the first shot was fired. *Id.* at 1255. The judge's other findings relevant to the assertion of self-defense were that Hernandez was armed in anticipation of "any possible confrontation," that Hernandez had significant consciousness of guilt, and that Hernandez's complete denial of involvement in the murders when first contacted by police undermined Hernandez's credibility. *Id.* Citing CALJIC 8, *et seq*, 5.50-5.56, the judge rejected the theory of self-defense. *Id.* at 1254.

On March 26, 2004, the California Court of Appeal determined that the trial court had erred by imposing the gang enhancement, but affirmed the convictions for second degree murder and attempted murder, as well as the firearm enhancement. *People v. Hernandez*, No. H026017, 2004 WL 632943 at *2-3 (Cal. Ct. App. Mar. 26, 2004) (unpublished opinion). On remand for sentencing, Hernandez's 50-year term was reduced to 40 years. *Id.*

Hernandez filed the first petition for a writ of habeas corpus with the Monterey County Superior Court, challenging his conviction on the basis of insufficiency of evidence and ineffective assistance of counsel. Ans., Exh. 9 (Denial of Petition for Writ of Habeas Corpus, HC 05059, Monterey County Superior Court, July 6, 2005) at 1. The Monterey County Superior Court rejected the petition on July 6, 2005. *Id.* at 4. The court held that the insufficiency of evidence claim was procedurally barred due to Hernandez's failure to raise it on direct appeal. *Id.* The claim of ineffective assistance of counsel was based on the trial counsel's decision not to frame self-defense in terms of the antecedent assault rule, which allows a defendant who has been assaulted by the

United States District Court
For the Northern District of California

victim in the past to take harsher and quicker measures in self-defense, or to present evidence that Hernandez suffered from "traumatized child syndrome." *Id.* at 2. With respect to the claim of ineffective assistance of counsel based on the antecedent assault doctrine, the court held that the trial counsel's performance had fallen within professional norms and that the defendant had suffered no prejudice. *Id.* at 4. The court mentioned the claim based on "traumatized child syndrome" but did not analyze it independently of the claim based on antecedent assault before rejecting the petition. The subsequent petition was denied without comment by the California Court of Appeal on December 7, 2005. Ans., Exh. 11 (Denial of Petition for Writ of Habeas Corpus, No. H029496) at 1. The California Supreme Court denied the petition without comment on November 20, 2006. Ans., Exh. 13 (Denial of Petition for Writ of Habeas Corpus, No. S142543) at 1.

On May 20, 2005, Hernandez filed his petition for a writ of habeas corpus with this court. Docket No. 1 (Pet.) at 1. On June 18, 2008, the court issued an order to show cause, Docket No. 15 (Order to Show Cause) at 1, and the response was filed on March 24, 2010, Docket No. 20. On August 23, 2010, Hernandez filed the traverse. Docket No. 32 (Traverse) at 1.

## LEGAL STANDARD

The court analyzes state habeas corpus claims under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. Under AEDPA, the court may entertain a petition for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim resulted in a decision that was: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

United States District Court
For the Northern District of California

DISCUSSION

The petition for a writ of habeas corpus raises two distinct issues. First, the petition asserts that there is insufficient evidence to support the trial court's rejection of Hernandez's self-defense theories. Second, the petition alleges ineffective assistance of counsel based on the failure to raise legal arguments on the antecedent assault rule and to frame the case in terms of "traumatized child syndrome."

I. Insufficiency of the Evidence

California state law requires that claims of insufficiency of evidence be brought only on direct appeal. *In re Lindley*, 29 Cal. 2d 709, 723 (1945). Where a state court's decision rests on an independent and adequate state law basis, federal courts may not provide a remedy in habeas corpus. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). California law's prohibition against raising insufficiency of evidence claims in habeas serves as an independent and adequate basis for a decision. *Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004) (holding that the procedural bar is independent because it "is not intertwined with federal substantive or procedural law" and adequate because the rule is "'firmly established and regularly followed' by the state court at the time of the petitioner's procedural default").

Hernandez attempts to circumvent the decision in *Carter*—binding upon this court—that the *Lindley* bar is an independent and adequate state law basis by pointing to a purported exception to the *Lindley* rule mentioned by the California Supreme Court in *In re Giannini*, 69 Cal. 2d 563 (1969). *See* Traverse at 21-23. In *Giannini*, the court observed in a footnote that "[a]lthough numerous cases have held that sufficiency of the evidence to support a conviction is not a proper issue on habeas corpus . . . the United States Supreme Court has declared that conviction of a crime without any evidence in the record to support the accused's guilt constitutes a denial of due process." *Id*. at 577 n.11. The court concluded that habeas relief was available because petitioners were convicted without evidence of "a crucial element in the proof of guilt," in violation of due process. *Id*. Even were *Giannini* a sufficient basis for side-stepping *Carter*, the court would deny the relief Hernandez requests.

Insufficiency of evidence is cognizable in habeas under the Due Process Clause, regardless of state law, whenever an entire essential *element* of a crime is unsupported by evidence. *See e.g.*, *Garner v. Louisiana*, 368 U.S. 157, 173-74 (1961) (overturning conviction due to absence of evidence of disturbance of the peace other than defendant's conduct of taking a seat at a whites only lunch counter); *Thompson v. City of Louisville*, 362 U.S. 199, 204 (1960) (overturning convictions due to lack of any evidence to support "offensive conduct," an element of disturbing the peace, or any evidence to support the "sleep, lie, loaf, or trespass" element of loitering, of which the defendant was paradoxically also convicted). Hernandez does not point to any element of second-degree or attempted murder which the state was unable to support. Instead, Hernandez argues that the trial court was unable to adequately support the rejection of his affirmative defenses. At least one Court of Appeals, however, has explicitly held to the contrary, stating that due process is not implicated by mere disbelief of a defendant's proffered narrative or argument. *Caldwell v. Russell*, 181 F.3d 731, 740 (6th Cir. 1999) ("[T]he due process 'sufficient evidence' guarantee does not implicate affirmative defenses because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime.") *superceded on other grounds by* 28 U.S.C. § 2254. *Caldwell* has been cited with approval by the Ninth Circuit, albeit in an unpublished disposition. *See Byers v. Mahoney*, 203 F.3d 830, at *2 (9th Cir. 1999) (unpublished). Regardless, the trial court provided multiple reasons, supported by the record, for rejecting the proffered affirmative defenses. *See* Exh. 4 at 1253-55.

The decision of the Monterey County Superior Court refusing to hear the claims of insufficiency of the evidence in a habeas petition rests on independent and adequate state law grounds. The state court's findings of fact against the defendant do not give rise to a fundamental miscarriage of justice.

II. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are examined under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on an ineffectiveness of counsel claim, Hernandez must meet the requirements of both prongs of the *Strickland* test.

First, Hernandez must establish that his trial counsel's performance fell below an "objective standard of reasonableness" under prevailing professional norms. *Id.* at 687-88. The relevant inquiry is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable in light of what was known at the time. *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Secondly, a petitioner must establish that he was prejudiced by counsel's deficient performance, by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Review is "doubly deferential," because the initial state habeas review under *Strickland* defers to any reasonable decisions made by the attorney and then federal habeas review defers again to any reasonable determinations by the state court regarding the attorney's conduct. *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam).

Hernandez asserts that the Monterey County Superior Court unreasonably applied *Strickland* in rejecting his claim of ineffective assistance of counsel. Hernandez states that his trial counsel ought to have presented argument emphasizing the antecedent assault doctrine of self defense and "traumatized child syndrome" as a part of his defense. Hernandez's argument attacks the reasonableness of the Monterey County Superior Court's decision on both of the *Strickland* prongs.

a. <u>Antecedent Assault</u>

Hernandez asserts that counsel fell below established professional norms by failing to raise the antecedent assault theory in closing argument. California's antecedent assault rule is found in CALJIC 5.50.1, which instructs a jury to consider allowing the defendant more leeway in taking quicker and harsher defensive measures if the jury finds that "on a prior occasion the alleged victim threatened or assaulted or participated in an assault or threat of physical harm upon the defendant." A defendant is entitled to this instruction even when the threats are by a third party, as long as the jury could find those threats were attributable to the victim as well. *See e.g., People v. Minifie*, 12 Cal. 4th 1055, 1067 (1996) (addressing the issues of admissibility of evidence of antecedent assaults

and applicability of the doctrine in a case where the victim's associates had killed a defendant's friend and told defendant he would be "next"). Hernandez argues that the antecedent assault rule should apply in this case because of the continuous violent conflict between the rival Norteno and Sureno gangs.

Hernandez points to no evidence, either in the extant record or through declarations submitted to this court, which suggests that Hernandez had been personally assaulted or threatened by the victims personally or by the Sureno gang generally. Hernandez relies exclusively on evidence that the neighborhood is a flashpoint in the wider war between the Sureno and Norteno street gangs. Hernandez points to no case in which the fact that the defendant and the victim were merely members in antagonistic street gangs, without any prior contact with one another directly or through intermediaries, served as a valid predicate for the jury to receive this instruction.[1]

The Monterey County Superior Court's held that trial counsel's performance was not deficient because "although trial counsel did not specifically refer to the 'antecedent assault' theory, he clearly argued that Hernandez's actions should be viewed through the eyes of someone growing up in a gang-infested neighborhood." Ans., Exh. 9 at 3. Hernandez's petition acknowledges that, during cross-examination testimony developed by his trial attorney, one of the police witnesses for the prosecution "adequately framed petitioner's state of mind" with respect to the apprehension of imminent violence during an exchange of gang signs. Pet. at 46-47. Although Hernandez's trial counsel could have focused his closing on the antecedent assault instruction, arguing that it should be applicable in cases of general gang enmity, *Strickland* does not require that he do so. The United States Supreme Court has noted that "deference to counsel's tactical decision in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." *Yarborough*, 540 U.S. at 5. In this case, as the Monterey County Superior Court correctly points out, trial counsel chose to pursue a viable alternative strategy.

This court finds no compelling flaw in the state court's determination that counsel exercised reasonable professional judgment by pursuing the "totality of circumstances" approach from CALJIC 5.50 rather than the more specific antecedent assault rule from CALJIC 5.50.1.

United States District Court
For the Northern District of California

b. "Traumatized Child Syndrome"

Second, Hernandez alleges that counsel failed to investigate the possibility that he was afflicted with "traumatized child syndrome" by virtue of the long history of brutal gang violence on Kilbreth Street.

The Monterey County Superior Court took notice that Hernandez made the argument, but treated it only as part of the ineffective assistance of counsel claims based on self-defense generally. This court will treat the opinion by the Monterey County Superior Court as having given no reason for its denial of the writ with respect to the merits of the claim based on "traumatized child syndrome." Accordingly, this court will "perform an independent review of the record to ascertain whether the state court decision was objectively reasonable." *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006).

Hernandez argues that his trial counsel should have introduced evidence that he suffered from "traumatized child syndrome." However, Hernandez has not introduced any evidence that he in fact suffered from "traumatized child syndrome." Without any evidence on the extant record or declarations by psychological experts, Hernandez's assertion is speculative and conclusory. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). In the absence of any evidence which would tend to cast trial counsel's omission as unreasonable, Hernandez can not satisfy the first prong of the *Strickland* test and is not entitled to habeas relief for this claim of ineffective assistance of counsel.[2]

CONCLUSION

Hernandez's petition for a writ of habeas corpus is DENIED.

IT IS SO ORDERED.

Dated: May 18, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1.There is no indication in the record that any member of the Sureno gang was even aware of Hernandez's existence until the shooting, much less any indication that any Sureno had threatened Hernandez personally. Furthermore, Hernandez's own arguments that he was wearing neutral colors and a marginal figure in the Norteno gang would seem to support the proposition that he was not a specific target of interest to the Sureno organization.

2.Addressing the second prong of the *Strickland* test, the state court also held that Hernandez suffered no prejudice as a result of his counsel's decision. Ans., Denial of Pet. Monterey County Superior Court, at 4. In order to show prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the absence of any "unprofessional errors," there was no need for the state court to address the question of prejudice.



United States District Court
For the Northern District of California